UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lloyd Lacambacal,<br><br>               Plaintiff,<br><br>       v.<br><br>Desteney Vasquez; Fernando; Q Automotive,<br><br>               Defendants. | Case No. 2:24-cv-01759-GMN-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert a basis for this Court's jurisdiction, it dismisses the complaint with leave to amend.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III.  Screening the complaint.

Plaintiff sues Desteney Vasquez, who he asserts is the owner of Q Automotive and is doing business as Q Automotive; and Fernando, the Q Automotive shop manager. (ECF No. 1-1 at 2-3). Plaintiff lists both Vasquez and Fernando as being residents of Nevada and, based on his allegations, Q Automotive is also based in Nevada. (*Id.*). Plaintiff's allegations arise out of his agreement with Q Automotive for work on Plaintiff's car. (*Id.* at 3-6). Plaintiff alleges that Q Automotive continually stalled in performing the work, did not perform the work to which the parties agreed, and physically blocked Plaintiff's attempts to tow his car from the lot. (*Id.*).

Plaintiff alleges that this Court has federal question jurisdiction over his claims and lists the Federal Trade Commission Act as the federal law involved. (*Id.* at 1). However, the Federal Trade Commission Act does not provide a private right of action, instead, initial remedial power lies with the Commission itself. *Fisher v. Coca-Cola Bottling Co. of Los Angeles*, No. cv 78-0479-F, 1979 WL 1597 (C.D. Cal. Mar. 12, 1979) (citing *Carlson v. Coca-Cola Company*, 483 F.2d 279, 280 (9th Cir. 1973)). And Plaintiff does not otherwise identify any federal claims. Instead, he brings his single claim under the Nevada Deceptive Trade Practices Act, a state—not a federal—law. (ECF No. 1-1 at 6). He also appears to potentially raise a breach of contract claim, which also arises under state law.

Because Plaintiff has not identified a federal law under which his claims arise, he has not established this Court's federal question jurisdiction over his case. *See* 28 U.S.C. § 1331. The Court also lacks diversity jurisdiction over his case because he has not alleged that the matter in controversy exceeds $75,000 and the matter is between citizens of different states. *See* 28 U.S.C. § 1332(a). The Court thus lacks jurisdiction to hear Plaintiff's case and dismisses it without prejudice and with leave to amend. Plaintiff must allege the basis for this Court's jurisdiction in

any amended complaint. If he cannot, while Plaintiff may be able to bring his claims in state court, this Court will not be able to hear his claims.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons. The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **October 30, 2024,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: September 30, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE